UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN LEWIS LISCH,

    Plaintiff,

v.

D. KOLMAN, Medical Program Manager, et al.,

    Defendants.

No. C 14-0463 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, California state detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that in November 2013, his tooth broke off and the root became exposed. Plaintiff requested an emergency visit with a dentist on five separate dates, but was not seen by any medical staff until December 20, 2013. On that date, an unnamed nurse concluded that plaintiff's situation did not warrant emergency status. On December 30, 2013, plaintiff was seen by a dentist, who stated that plaintiff's tooth did have its root exposed, and the plaintiff was suffering from an abscess. Plaintiff claims that he suffered pain for over one month, and requests damages for being falsely diagnosed, as well as the month-long delay.

Plaintiff has not stated a cognizable claim for relief. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller,

2

104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference. . . . [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." Shapely v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff provides very few details in his complaint. He states that one nurse believed plaintiff's tooth condition did not warrant an emergency visit. Plaintiff also alleges that it took just over one month before he was able to be seen by a dentist. The complaint will be dismissed with to leave amend for Plaintiff to provide additional information. Plaintiff must describe how Defendants were deliberately different to his serious medical needs. As

3

Plaintiff's complaint stands, it is insufficient to state a cognizable claim for relief.

Plaintiff's allegations fail to state clearly what happened, what each named Defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining whether the claim deserves a response and from whom, and also prevents individual Defendants from framing a response to the complaint. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. Plaintiff must link each named Defendant to the allegations. Plaintiff will be granted leave to amend to allege specifics. In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-0463 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on plaintiff, and what right plaintiff alleges was violated. If plaintiff files an amended complaint, he must allege, in good faith, facts – not merely conclusions of law – that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended**

4

**complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3.      Plaintiff is further advised that an amended complaint supersedes the original complaint.  Plaintiff may not incorporate material from the prior complaint by reference.

4.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:

Maria-Elena James
United States Magistrate Judge

5